1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH O. JOHNS (SBN 144524)
4  SARAH HEIDEL (SBN 209866)
   Assistant United States Attorneys
5      1300 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-4536/2451
7      Facsimile: (213) 894-7631
   RONALD J. TENPAS
8  Acting Assistant Attorney General
   ELINOR COLBOURN
9  MARY DEE CARRAWAY
   Trial Attorneys
10 Environmental Crimes Section
   Environment & Natural Resources Division
11 U.S. Department of Justice
       601 D. St., NW
12     Washington, DC 20004
       Telephone: (202) 305-0321
13     Facsimile: (202) 305-0397

14 Attorneys for Plaintiff
   United States of America

15

16              UNITED STATES DISTRICT COURT

17         FOR THE CENTRAL DISTRICT OF CALIFORNIA

18 UNITED STATES OF AMERICA,      )  CR No. 07-00449 (PSG)
                                   )
19                  Plaintiff,     )  PLEA AGREEMENT FOR DEFENDANT
                                   )  T.P. COMPANY
20             v.                  )
                                   )
21 VIRGINIA STAR SEAFOOD          )  [UNDER SEAL]
   CORPORATION et al,             )
22                                 )
                                   )
23             Defendants.         )
   _____     )

24

25     1.  This constitutes the plea agreement between T.P. COMPANY

26 ("defendant"), the United States Attorney's Office for the

27 Central District of California and the Environmental Crimes

28 Section, Environment & Natural Resources Division, U.S.

   Department of Justice (collectively "the United States"), in the

   above-captioned case.  This agreement is limited to the United

1 | States and cannot bind any other federal, state or local
2 | prosecuting, administrative or regulatory authorities.

3 | <div align="center">PLEA</div>

4 |    2.  Defendant agrees to plead guilty to count Twenty-One Of
5 | the Indictment in <u>United States v. Virginia Star et al.</u>, CR No.
6 | 07-00449 (PSG).

7 | <div align="center">NATURE OF THE OFFENSE</div>

8 |    3.  In order for defendant to be guilty of Count Twenty-One
9 | of the Indictment, which charges a violation of Title 18, United
10 | States  Code, Section 545, trafficking in illegally imported
11 | merchandise, the following must be true:

12 |    Defendant:

13 |       a) Defendant knowingly;

14 |       b) received, concealed, bought, sold, or facilitated
15 | the transportation concealment, and sale of merchandise after
16 | importation;

17 |       c ) the merchandise was imported contrary to law; and
18 |       d)  defendant knew that the merchandise had been
19 | imported and brought into the United States contrary to law.

20 |    Defendant admits that defendant is, in fact, guilty of this
21 | offense as described in Count Twenty-One of the Indictment.

22 | <div align="center">PENALTIES</div>

23 |    4.  The statutory maximum sentence that the Court can impose
24 | on a corporation for a violation of Title 18, United States Code,
25 | Section 545 is: a five-year period of probation; a fine of
26 | $500,000 or twice the gross gain or gross loss resulting from the
27 |
28 | <div align="center">2</div>

1 | offense, whichever is greatest; and a mandatory special
2 | assessment of $~~100~~. 400

3 | 5. Defendant further understands that the conviction in
4 | this case may subject defendant to various collateral
5 | consequences, including but not limited to, revocation of
6 | probation and suspension or revocation of a professional license.
7 | Defendant understands that unanticipated collateral consequences
8 | will not serve as grounds to withdraw defendant's guilty plea.

*(handwritten margin note: CORRECTED 11/28/07 BY INTERLINEATION DURING CHANGE OF PLEA HEARING)*

9 | FACTUAL BASIS

10 | 6. Defendant and the United States agree and stipulate to
11 | the statement of facts provided below. This statement of facts
12 | includes facts sufficient to support a plea of guilty to the
13 | charge described in this agreement and to establish the
14 | sentencing guideline factors set forth in paragraph 11 below. It
15 | is not meant to be a complete recitation of all facts relevant to
16 | the underlying criminal conduct or all facts known to defendant
17 | that relate to that conduct.

18 | a) Between approximately May 19, 2004, and at least
19 | March 9, 2005, defendant bought, sold, and received from Blue
20 | Ocean Seafood Corporation, in a series of four transactions, fish
21 | for a total of approximately $305,425.45.

22 | b) In each transaction, defendant knowingly ordered and
23 | received a species of fish imported from Vietnam, commonly known
24 | as basa or Vietnamese catfish (scientific name *Pangasius*
25 | *hypophthalmus*).

26 | c ) The fish had been imported from Vietnam falsely

3

1  labeled as sole, flounder or grouper in violation of Title 18
2  United States Code, Section 541 (prohibiting the entry of
3  merchandise by a payment of less than the amount of duty legally
4  due), Title 21, United States Code, Section 331(a) (misbranding
5  of food), and  Title 16, United States Code, Section 3373(d)
6  (prohibiting the making or submitting of a false label for fish),
7  and, among other statutes.

8         d) Defendant knew that the fish was falsely labeled as
9  some other species, specifically conger pike, flounder and sole
10 and thus had been imported contrary to United States laws.

11                    WAIVER OF CONSTITUTIONAL RIGHTS

12      7.   By pleading guilty, defendant gives up the following
13 rights:

14         a) The right to persist in a plea of not guilty.

15         b) The right to a speedy and public trial by jury.

16         c)   The right to be presumed innocent and to have the
17 burden of proof placed on the government to prove defendant
18 guilty beyond a reasonable doubt.

19         d)   The right to confront and cross-examine witnesses
20 against defendant.

21         e)   The right, if defendant wished, to testify on
22 defendant's own behalf and present evidence in opposition to the
23 charges, including the right to call witnesses and to subpoena
24 those witnesses to testify.

25      By pleading guilty, defendant also gives up any and all
26 rights to pursue any affirmative defenses, Fourth Amendment or

27

28                                4

1  Fifth Amendment claims, and other pretrial motions that have been
2  filed or could be filed.

3                          WAIVER OF DNA TESTING

4      8.   Defendant has been advised that the government has in
5  its possession physical evidence that could be subjected to DNA
6  testing, specifically, fish.  Defendant understands that the
7  government has previously submitted samples of said fish for DNA
8  testing as reflected in test results produced in discovery in the
9  above-captioned case, and does not intend to conduct any further
10 DNA testing of those items or any other items.  Defendant
11 understands that, before entering a guilty plea pursuant to this
12 agreement, defendant could request DNA testing of evidence in
13 this case.  Defendant further understands that, with respect to
14 the offense to which defendant is pleading guilty pursuant to
15 this agreement, defendant may have the right to request DNA
16 testing of evidence after conviction under the conditions
17 specified in 18 U.S.C. § 3600.  Knowing and understanding
18 defendant's right to request DNA testing, defendant knowingly and
19 voluntarily gives up that right with respect to both the specific
20 items listed above and any other items of evidence there may be
21 in this case that might be amenable to DNA testing.  Defendant
22 understands and acknowledges that by giving up this right,
23 defendant is giving up any ability to request DNA testing of
24 evidence in this case in the current proceeding, in any
25 proceeding after conviction under 18 U.S.C. § 3600, and in any
26 other proceeding of any type.  Defendant further understands and

27

28                                    5

1  acknowledges that by giving up this right, defendant will never
2  have another opportunity to have the evidence in this case,
3  whether or not listed above, submitted for DNA testing, or to
4  employ the results of DNA testing to support a claim that
5  defendant is innocent of the offense to which defendant is
6  pleading guilty.

7                              SENTENCING FACTORS

8       9.  Defendant understands that the Court is required to
9  consider the United States Sentencing Guidelines ("U.S.S.G." or
10  "Sentencing Guidelines") among other factors in determining
11  defendant's sentence.  Defendant understands that the Sentencing
12  Guidelines are only advisory, and that after considering the
13  Sentencing Guidelines, the Court may be free to exercise its
14  discretion to impose any reasonable sentence up to the maximum
15  set by statute for the crimes of conviction.

16      10.  There is no agreement as to defendant's criminal
17  history or criminal history category.

18      11.  Defendant and the United States agree and recommend
19  that under U.S.S.G. § 8D1.2, a term of probation of two years is
20  appropriate.  The United States and defendant agree to further
21  recommend to the Court a special condition of probation that T.P.
22  Company take out the attached full page advertisement in a
23  seafood industry publication of wide circulation.

24      12.  The United States and defendant recognize that the
25  Sentencing Guidelines are not applicable to determine a fine
26  amount in this case.  U.S.S.G. § 8C2.1, 2.10.  The United States

27

28                                  6

1  and defendant agree to recommend to the Court a fine of $150,000,
2  payable to the Magnuson-Stevens NOAA Fisheries Enforcement Fund,
3  established under Title 16, United States Code, Section 1861(e).
4  Defendant agrees to pay the special assessment of $400.

5       13.  The stipulations in this agreement do not bind either
6  the United States Probation Office or the Court.  Both defendant
7  and the United States are free to: (a) supplement the facts by
8  supplying relevant information to the United States Probation
9  Office and the Court, (b) correct any and all factual
10 misstatements relating to the calculation of the sentence, and
11 (c) argue on appeal and collateral review that the Court's
12 sentencing guidelines calculations are not error, although each
13 party agrees to maintain its view that the recommended sentence
14 is appropriate in this case.

15                    DEFENDANT'S OBLIGATIONS

16      14.  Defendant agrees that it will:

17           a) Plead guilty as set forth in this agreement.

18           b) Not knowingly and willfully fail to abide by all
19 sentencing stipulations contained in this agreement.

20           c) Not knowingly and willfully fail to: (i) appear as
21 ordered for all court appearances, and (ii) obey any other
22 ongoing court order in this matter.

23           d) Not commit any crime; however, offenses which would
24 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
25 not within the scope of this agreement.

26           e) Not knowingly and willfully fail to be truthful at
27
28                              7

1  all times with Pretrial Services, the U.S. Probation Office, and
2  the Court.

3        f) Pay the applicable special assessment at or before
4  the time of sentencing unless defendant lacks the ability to pay.

5        15.  Defendant further agrees to cooperate fully with the
6  United States, the National Oceanic and Atmospheric
7  Administration, and, as directed by the United States, any other
8  federal, state, or local or foreign law enforcement agency.

9                    THE UNITED STATES' OBLIGATIONS

10       16.  If defendant complies fully with all defendant's
11 obligations under this agreement, the United States agrees:

12       a) To abide by all sentencing stipulations contained in
13 this agreement.

14       b) At the time of sentencing to move to dismiss
15 defendant from Count One of the underlying Indictment.  Defendant
16 agrees, however, that at the time of sentencing the Court may
17 consider the dismissed count in determining sentence to be
18 imposed after consideration of the sentencing guidelines and all
19 other relevant factors.

20       c)   Not to offer as evidence in its case-in-chief in
21 the above-captioned case or any other prosecution that may be
22 brought against defendant by the United States, or in connection
23 with any sentencing proceeding in any case that may be brought
24 against defendant by the United States, any statements made by
25 defendant or documents, records, or tangible evidence provided by
26 defendant pursuant to this agreement.  Defendant agrees, however,

27

28                                    8

1 | that the United States may use such statements, documents,
2 | records, and tangible evidence: (1) to obtain and pursue leads to
3 | other evidence, which evidence may be used for any purpose,
4 | including any prosecution of defendant, (2) to cross-examine
5 | defendant should defendant testify, or to rebut any evidence,
6 | argument or representations made by defendant or a witness called
7 | by defendant in any trial, sentencing hearing, or other court
8 | proceeding, and (3) in any prosecution of defendant for false
9 | statement, obstruction of justice, or perjury.

10 |         d)    Not to use any information provided by defendant
11 | pursuant to this agreement against defendant at sentencing and to
12 | recommend to the Court that such information not be used in
13 | determining the sentence to be imposed.  Defendant understands,
14 | however, that information provided by defendant pursuant to this
15 | agreement will be disclosed to the probation office and the
16 | Court, and that the Court may use this information for the
17 | purposes set forth in U.S.S.G § 1B1.8(b) and for determining the
18 | sentence to be imposed.

19 |         e)    In connection with defendant's sentencing, to
20 | bring to the Court's attention the nature and extent of
21 | defendant's cooperation.

22 |     DEFENDANT'S UNDERSTANDINGS REGARDING SUBSTANTIAL ASSISTANCE
23 |     17.   Defendant understands the following:

24 |         a)    Any knowingly false or misleading statement by
25 | defendant will subject defendant to prosecution for false
26 | statement, obstruction of justice, and perjury and will
27 |
28 |                                  9

1 | constitute a breach by defendant of this agreement.

2 |       b)   Nothing in this agreement requires the United
3 | States or any other prosecuting or law enforcement agency to
4 | accept any cooperation or assistance that defendant may offer, or
5 | to use it in any particular way.

6 | <div align="center">BREACH OF AGREEMENT</div>

7 |    18.  If defendant, at any time between the execution of this
8 | agreement and the completion of defendant's cooperation pursuant
9 | to the agreement knowingly violates or fails to perform any of
10 | defendant's obligations under this agreement ("a breach"), the
11 | United States may declare this agreement breached.  For example,
12 | if the defendant knowingly falsely accuses another person of
13 | criminal conduct or falsely minimizes its own role, or the role
14 | of another, in criminal conduct, it will have breached this
15 | agreement.  If the United States declares this agreement
16 | breached, and the Court finds such a breach to have occurred,
17 | defendant will not be able to withdraw defendant's guilty plea,
18 | and the United States will be relieved of all of its obligations
19 | under this agreement.  In particular:

20 |       a)   The United States will no longer be bound by any
21 | agreements concerning sentencing and will be free to seek any
22 | sentence up to the statutory maximum for the crime to which
23 | defendant has pleaded guilty.

24 |       b)   The United States will no longer be bound by any
25 | agreements regarding criminal prosecution, and will be free to
26 | prosecute defendant for any crime, including charges that the

27 |

28 | <div align="center">10</div>

1 | United States would otherwise have been obligated to dismiss
2 | pursuant to this agreement.

3 |          c)   The United States will be free to prosecute
4 | defendant for false statement, obstruction of justice, and
5 | perjury based on any knowingly false or misleading statement by
6 | defendant..

7 |          d)   The United States will no longer be bound by any
8 | agreement regarding the use of statements, documents, records,
9 | tangible evidence, or information provided by defendant, and will
10 | be free to use any of those in any way in any investigation,
11 | prosecution, or civil or administrative action.  Defendant will
12 | not be able to assert either (1) that those statements,
13 | documents, records, tangible evidence, or information were
14 | obtained in violation of the Fifth Amendment privilege against
15 | compelled self-incrimination, or (2) any claim under the United
16 | States Constitution, any statute, Rule 11(f) of the Federal Rules
17 | of Criminal Procedure, Rule 410 of the Federal Rules of Evidence,
18 | or any other federal rule, that statements, documents, records,
19 | tangible evidence, or information provided by defendant before or
20 | after the signing of this agreement, or any leads derived
21 | therefrom, should be inadmissible.

22 |     19.  Following a knowing and willful breach of this
23 | agreement by defendant, should the United States elect to pursue
24 | any charge that was dismissed or not filed as a result of this
25 | agreement, then:

26 |          a) Defendant agrees that any applicable statute of

11

1 | limitations is tolled between the date of defendant's signing of
2 | this agreement and the commencement of any such prosecution or
3 | action.

4 |       b) Defendant gives up all defenses based on the statute
5 | of limitations, any claim of preindictment delay, or any speedy
6 | trial claim with respect to any such prosecution [or action],
7 | except to the extent that such defenses existed as of the date of
8 | defendant's signing of this agreement.

9 |       LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

10 |    20.  Defendant gives up the right to appeal any sentence
11 | imposed by the Court, and the manner in which the sentence is
12 | determined, provided that (a) the sentence is within the
13 | statutory maximum specified above and is constitutional, (b) the
14 | Court in determining the applicable guideline range does not
15 | depart upward in offense level or criminal history category and
16 | determines that the total offense level is fifteen or below, and
17 | (c) the Court imposes a sentence within or below the range
18 | corresponding to the determined total offense level and criminal
19 | history category.  Defendant also gives up any right to bring a
20 | post-conviction collateral attack on the conviction or sentence,
21 | except a post-conviction collateral attack based on a claim of
22 | ineffective assistance of counsel, a claim of newly discovered
23 | evidence, or a explicitly retroactive change in the applicable
24 | Sentencing Guidelines, sentencing statutes, or statutes of
25 | conviction.  Notwithstanding the foregoing, defendant retains the
26 | ability to appeal the court's determination of defendant's

27 |

28 |                        12

1 | criminal history category.

2 | 21. The United States gives up its right to appeal the

3 | Court's sentence.

4 | <center>COURT NOT A PARTY</center>

5 | 22. The Court is not a party to this agreement and need not

6 | accept any of the United States' sentencing recommendations or

7 | the parties' stipulations. Even if the Court ignores any

8 | sentencing recommendation, finds facts or reaches conclusions

9 | different from any stipulation, and/or imposes any sentence up to

10 | the maximum established by statute, defendant cannot, for that

11 | reason, withdraw defendant's guilty plea, and defendant will

12 | remain bound to fulfill all defendant's obligations under this

13 | agreement. No one – not the prosecutor, defendant's attorney, or

14 | the Court – can make a binding prediction or promise regarding

15 | the sentence defendant will receive, except that it will be

16 | within the statutory maximum.

17 | <center>NO ADDITIONAL AGREEMENTS</center>

18 | 23. Except as set forth herein, there are no promises,

19 | understandings or agreements between the United States and

20 | defendant or defendant's counsel. Nor may any additional

21 | agreement, understanding or condition be entered into unless in a

22 | writing signed by all parties or on the record in court.

23 | <center>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</center>

24 | 24. The parties agree and stipulate that this Agreement

25 | will be considered part of the record of defendant's guilty plea

26 | hearing as if the entire Agreement had been read into the record

27 |

28 | <center>13</center>

1 | of the proceeding.

2 |     This agreement is effective upon signature by defendant's

3 | duly authorized representative and an Assistant United States

4 | Attorney.

5 | AGREED AND ACCEPTED

6 | UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

7 |

   THOMAS P. O'BRIEN
8 | United States Attorney

9 |

   _____    11/28/07
10 | JOSEPH O. JOHNS               Date
   Assistant United States Attorney

11 |

12 |

   RONALD J. TENPAS
13 | Acting Assistant Attorney General
   Environment and Natural Resources Division
14 | U.S. Department of Justice

15 | _____ / M.D.C.   11/28/07
   MARY DEE CARRAWAY            Date
16 | Trial Attorney

17 | SIGNED PURSUANT TO AUTHORIZATION GRANTED 11/26/07 (JOHNS)
    The undersigned corporate officer or representative of

18 | defendant hereby certifies that he (she) is authorized by the

19 | defendant corporation to act on its behalf, to plead guilty to

20 | Count Twenty-One of the Indictment, and to enter into this plea

21 | agreement, and that a corporate resolution so empowering said

22 | officer or representative has been duly made and approved by said

23 | corporation.  As defendant's duly authorized representative, I

24 | have read each of the provisions of the entire plea agreement

25 | with the assistance of counsel and understand its provisions.

26 | This agreement also has been read to me in Vietnamese, the

27 |

28 |                        14

1  language I understand best.

2       I have discussed the case and defendant's constitutional and
3  other rights with defendant's attorney.  Defendant understands
4  that by entering a plea of guilty, defendant will be giving up
5  its rights to plead not guilty, to trial to the court, to
6  confront, cross-examine, and compel the attendance of witnesses,
7  to present evidence in its defense, and to remain silent -- all
8  with the assistance of counsel -- and to be presumed innocent
9  until proven guilty beyond a reasonable doubt.

10      On behalf of defendant, I agree to enter its guilty plea as
11 indicated above on the terms and conditions set forth in this
12 agreement.

13      Defendant's guilty plea is not the result of force, threats,
14 assurances or promises other than the promises contained in this
15 agreement.  Defendant agrees to the provisions of this agreement
16 as a voluntary act on its part, rather than at the direction of
17 or because of the recommendation of any other person, and agrees
18 to be bound according to its provisions.

19      Defendant understands that, if it is granted probation by
20 the court, the terms and conditions of such probation are subject
21 to modification by the court at any time.  Further, if it
22 violates any of the conditions of its probation, its probation
23 may be revoked and upon such revocation its sentence may be
24 altered.

25      Defendant agrees that this written plea agreement contains
26 all the terms and conditions of its plea and that promises made

27

28                                    15

1  by anyone (including its attorney), that are not contained within
2  this written plea agreement are without force and effect and are
3  null and void.

4      Defendant is satisfied that its defense attorney has
5  represented it in a competent manner.

6      I am fully capable of understanding the terms and conditions
7  of this plea agreement.  I am not now on or under the influence
8  of any drug, medication, liquor, or other intoxicant or
9  depressant, which would impair my ability to fully understand the
10 terms and conditions of this plea agreement.

11 _____          11/28/07
   Authorized Representative of Defendant          Date

16     I, _____ am fluent in written and spoken
   English and Vietnamese languages.  I accurately translated this
   entire agreement from English into Vietnamese to HENRY C.D. YIP
   on this date.

   _____          11/28/07
   [INTERPRETER'S NAME]                             Date
   Interpreter

                          16

1       I am T.P. COMPANY's attorney.  I have carefully discussed
2   every part of this agreement with my client.  Further, I have
3   fully advised my client of his/her rights, of possible defenses,
4   of the Sentencing Guidelines' provisions, and of the consequences
5   of entering into this agreement.  To my knowledge, my client's
6   decision to enter into this agreement is an informed and
7   voluntary one.

8

9   _____          _____
    ROGER C. PATTON                          Date
10  Counsel for Defendant
    T.P. COMPANY
11

17