THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (SBN 144524)
SARAH HEIDEL (SBN 209866)
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536/2451
    Facsimile: (213) 894-7631
RONALD J. TENPAS
Assistant Attorney General
ELINOR COLBOURN
Senior Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice
    601 D. St., NW
    Washington, DC 20004
    Telephone: (202) 305-0205
    Facsimile: (202) 305-0397

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>VIRGINIA STAR SEAFOOD<br>CORPORATION et al,<br><br>                Defendants. | CR No. 07-00449(C)(PSG)<br><br><u>PLEA AGREEMENT FOR DEFENDANT DAKON INTERNATIONAL</u> |

    1.  This constitutes the plea agreement between DAKON INTERNATIONAL ("defendant"), the United States Attorney's Office for the Central District of California and the Environmental Crimes Section, Environment & Natural Resources Division, U.S. Department of Justice (collectively "the United States"), in the above-captioned case. This agreement is limited to the United

States and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a superseding two-count information in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of Count Two of the Third Superseding Information, which charges a violation of Title 18, United States Code, Section 545, trafficking in illegally imported merchandise, the following must be true:

Defendant:

    a) knowingly;

    b) received, concealed, bought, sold, or facilitated the transportation concealment, and sale of merchandise after importation;

    c) the merchandise was imported contrary to law; and

    d) defendant knew that the merchandise had been imported and brought into the United States contrary to law.

Defendant admits that defendant is, in fact, guilty of this offense as described in Count Two of the Third Superseding Information.

## PENALTIES

4. The statutory maximum sentence that the Court can impose on a corporation for a violation of Title 18, United States Code,

2

Section 545 is: a five-year period of probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

5. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, revocation of probation and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

6. Defendant and the United States agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

   a) Between approximately July 20, 2004, and at least September 21, 2004, defendant bought, sold, and received from Blue Ocean Seafood Corporation, in a series of two transactions, fish for a total of approximately $ 151,290.70.

   b) In each transaction, defendant knowingly ordered and received a species of fish imported from Vietnam, commonly known as basa or Vietnamese catfish (scientific name *Pangasius*

3

1 | *hypophthalmus*).

2 |     c ) The fish had been imported from Vietnam falsely labeled as common carp and sole in violation of Title 18 United States Code, Section 541 (prohibiting the entry of merchandise by a payment of less than the amount of duty legally due), Title 21, United States Code, Section 331(a) (misbranding of food), and Title 16, United States Code, Section 3373(d) (prohibiting the making or submitting of a false label for fish), among other statutes.

    d) Defendant knew that the fish was falsely labeled as some other species, specifically common carp and sole and thus had been imported contrary to United States laws.

## WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    d) The right to confront and cross-examine witnesses against defendant.

    e) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF DNA TESTING

8.  Defendant has been advised that the government has in its possession physical evidence that could be subjected to DNA testing, specifically, fish.  Defendant understands that the government has previously submitted samples of said fish for DNA testing as reflected in test results produced in discovery in the above-captioned case, and does not intend to conduct any further DNA testing of those items or any other items.  Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case.  Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant may have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600.  Knowing and understanding defendant's potential right to request DNA testing, defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing.  Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in

any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

## SENTENCING FACTORS

9. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

10. There is no agreement as to defendant's criminal history or criminal history category.

11. Defendant and the United States agree and recommend that under U.S.S.G. § 8D1.2, a term of probation of two years is appropriate. The United States and defendant agree to further recommend to the Court a special condition of probation that Dakon International take out the attached full page advertisement in a seafood industry publication of wide circulation.

12. The United States and defendant recognize that the

Sentencing Guidelines are not applicable to determine a fine amount in this case. U.S.S.G. § 8C2.1, 2.10. The United States and defendant agree to recommend to the Court a fine of $100,000, payable to the Magnuson-Stevens NOAA Fisheries Enforcement Fund, established under Title 16, United States Code, Section 1861(e). Defendant agrees to pay the special assessment of $400.

13. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the recommended sentence is appropriate in this case.

## DEFENDANT'S OBLIGATIONS

14. Defendant agrees that it will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, and (ii) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

not within the scope of this agreement.

      e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

      f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

15. Defendant further agrees to cooperate fully with the United States, the National Oceanic and Atmospheric Administration, and, as directed by the United States, any other federal, state, or local or foreign law enforcement agency.

## THE UNITED STATES' OBLIGATIONS

16. If defendant complies fully with all defendant's obligations under this agreement, the United States agrees:

      a) To abide by all sentencing stipulations contained in this agreement.

      b) At the time of sentencing to move to dismiss defendant from Count One of the underlying Indictment. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

      c) Not to offer as evidence in its case-in-chief in the above-captioned case or any other prosecution that may be brought against defendant by the United States, or in connection with any sentencing proceeding in any case that may be brought against defendant by the United States, any statements made by

defendant or documents, records, or tangible evidence provided by defendant pursuant to this agreement. Defendant agrees, however, that the United States may use such statements, documents, records, and tangible evidence: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any prosecution of defendant, (2) to cross-examine defendant should defendant testify, or to rebut any evidence, argument or representations made by defendant or a witness called by defendant in any trial, sentencing hearing, or other court proceeding, and (3) in any prosecution of defendant for false statement, obstruction of justice, or perjury.

      d)  Not to use any information provided by defendant pursuant to this agreement against defendant at sentencing and to recommend to the Court that such information not be used in determining the sentence to be imposed. Defendant understands, however, that information provided by defendant pursuant to this agreement will be disclosed to the probation office and the Court, and that the Court may use this information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

## BREACH OF AGREEMENT

17. If defendant, at any time between the execution of this agreement and the completion of defendant's cooperation pursuant to the agreement knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. For example,

if the defendant knowingly falsely accuses another person of criminal conduct or falsely minimizes its own role, or the role of another, in criminal conduct, it will have breached this agreement. If the United States declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the United States will be relieved of all of its obligations under this agreement. In particular:

    a) The United States will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty.

    b) The United States will no longer be bound by any agreements regarding criminal prosecution, and will be free to prosecute defendant for any crime, including charges that the United States would otherwise have been obligated to dismiss pursuant to this agreement.

    c) The United States will be free to prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

    d) The United States will no longer be bound by any agreement regarding the use of statements, documents, records, tangible evidence, or information provided by defendant, and will be free to use any of those in any way in any investigation, prosecution, or civil or administrative action. Defendant will

not be able to assert either (1) that those statements, documents, records, tangible evidence, or information were obtained in violation of the Fifth Amendment privilege against compelled self-incrimination, or (2) any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements, documents, records, tangible evidence, or information provided by defendant before or after the signing of this agreement, or any leads derived therefrom, should be inadmissible.

18.  Following a knowing and willful breach of this agreement by defendant, should the United States elect to pursue any charge that was dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution [or action], except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

<u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

19.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is

determined, provided that the sentence is within the statutory maximum specified above and is constitutional. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category.

20. The United States gives up its right to appeal the Court's sentence.

### COURT NOT A PARTY

21. The Court is not a party to this agreement and need not accept any of the United States' sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

22. Except as set forth herein, there are no promises, understandings or agreements between the United States and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

23. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant's duly authorized representative and an Assistant United States Attorney or Environmental Crimes Section Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_[signature]_  6/26/08
JOSEPH O. JOHNS                           Date
Assistant United States Attorney


RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_[signature] /for/ EC_  6/26/08
ELINOR COLBOURN                           Date
Senior Trial Attorney

(Pursuant to authorization)

13

1  The undersigned corporate officer or representative of
2  defendant hereby certifies that he (she) is authorized by the
3  defendant corporation to act on its behalf, to plead guilty to
4  Count Two of the Third Superseding Information, and to enter into
5  this plea agreement, and that a corporate resolution so
6  empowering said officer or representative has been duly made and
7  approved by said corporation.  As defendant's duly authorized
8  representative, I have read each of the provisions of the entire
9  plea agreement with the assistance of counsel and understand its
10 provisions.  This agreement also has been read to me in
11 _____, the language I understand best.
12     I have discussed the case and defendant's constitutional and
13 other rights with defendant's attorney.  Defendant understands
14 that by entering a plea of guilty, defendant will be giving up
15 its rights to plead not guilty, to trial to the court, to
16 confront, cross-examine, and compel the attendance of witnesses,
17 to present evidence in its defense, and to remain silent -- all
18 with the assistance of counsel -- and to be presumed innocent
19 until proven guilty beyond a reasonable doubt.
20     On behalf of defendant, I agree to enter its guilty plea as
21 indicated above on the terms and conditions set forth in this
22 agreement.
23     Defendant's guilty plea is not the result of force, threats,
24 assurances or promises other than the promises contained in this
25 agreement.  Defendant agrees to the provisions of this agreement
26 as a voluntary act on its part, rather than at the direction of
27
28                                14

1  I, _____, am fluent in written and spoken
2  English and _____ languages.  I accurately translated
3  this entire agreement from English into _____ to
4  _____ on this date.

_____           _____
[INTERPRETER'S NAME]                           Date
Interpreter

I am DAKON INTERNATIONAL's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of its rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*/s/ Barbara Nguyen*                           6/19/08
BARBARA NGUYEN                                 Date
Counsel for Defendant
DAKON INTERNATIONAL

16