THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (SBN 144524)
SARAH HEIDEL (SBN 209866)
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536/2451
    Facsimile: (213) 894-7631
RONALD J. TENPAS
Assistant Attorney General
ELINOR COLBOURN
Senior Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice
    601 D. St., NW
    Washington, DC 20004
    Telephone: (202) 305-0205
    Facsimile: (202) 305-0397

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>VIRGINIA STAR SEAFOOD<br>CORPORATION et al,<br><br>            Defendants. | ) CR No. 07-00449(C)(PSG)<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>DAKON INTERNATIONAL</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

     1.  This constitutes the plea agreement between DAKON
INTERNATIONAL ("defendant"), the United States Attorney's Office
for the Central District of California and the Environmental
Crimes Section, Environment & Natural Resources Division, U.S.
Department of Justice (collectively "the United States"), in the
above-captioned case.  This agreement is limited to the United

1  States and cannot bind any other federal, state or local

2  prosecuting, administrative or regulatory authorities.

3                              PLEA

4      2.  Defendant gives up the right to indictment by a grand

5  jury and agrees to plead guilty to a superseding two-count

6  information in the form attached to this agreement or a

7  substantially similar form.

8                      NATURE OF THE OFFENSE

9      3.  In order for defendant to be guilty of Count Two of the

10 Third Superseding Information, which charges a violation of Title

11 18, United States Code, Section 545, trafficking in illegally

12 imported merchandise, the following must be true:

13     Defendant:

14          a) knowingly;

15          b) received, concealed, bought, sold, or facilitated

16 the transportation concealment, and sale of merchandise after

17 importation;

18          c) the merchandise was imported contrary to law; and

19          d) defendant knew that the merchandise had been

20 imported and brought into the United States contrary to law.

21     Defendant admits that defendant is, in fact, guilty of this

22 offense as described in Count Two of the Third Superseding

23 Information.

24                          PENALTIES

25     4.  The statutory maximum sentence that the Court can impose

26 on a corporation for a violation of Title 18, United States Code,

27

28                              2

1   Section 545 is: a five-year period of probation; a fine of

2   $500,000 or twice the gross gain or gross loss resulting from the

3   offense, whichever is greatest; and a mandatory special

4   assessment of $400.

5       5.   Defendant further understands that the conviction in

6   this case may subject defendant to various collateral

7   consequences, including but not limited to, revocation of

8   probation and suspension or revocation of a professional license.

9   Defendant understands that unanticipated collateral consequences

10  will not serve as grounds to withdraw defendant's guilty plea.

11                              FACTUAL BASIS

12      6.   Defendant and the United States agree and stipulate to

13  the statement of facts provided below.  This statement of facts

14  includes facts sufficient to support a plea of guilty to the

15  charge described in this agreement and to establish the

16  sentencing guideline factors set forth in paragraph 11 below.  It

17  is not meant to be a complete recitation of all facts relevant to

18  the underlying criminal conduct or all facts known to defendant

19  that relate to that conduct.

20          a) Between approximately July 20, 2004, and at least

21  September 21, 2004, defendant bought, sold, and received from

22  Blue Ocean Seafood Corporation, in a series of two transactions,

23  fish for a total of approximately $ 151,290.70.

24          b) In each transaction, defendant knowingly ordered and

25  received a species of fish imported from Vietnam, commonly known

26  as basa or Vietnamese catfish (scientific name *Pangasius*

27

28                                   3

1 | *hypophthalmus)*.

2          c ) The fish had been imported from Vietnam falsely
3 labeled as common carp and sole in violation of Title 18 United
4 States Code, Section 541 (prohibiting the entry of merchandise by
5 a payment of less than the amount of duty legally due), Title 21,
6 United States Code, Section 331(a) (misbranding of food), and
7 Title 16, United States Code, Section 3373(d) (prohibiting the
8 making or submitting of a false label for fish), among other
9 statutes.

10          d) Defendant knew that the fish was falsely labeled as
11 some other species, specifically common carp and sole and thus
12 had been imported contrary to United States laws.

13                    WAIVER OF CONSTITUTIONAL RIGHTS

14     7.   By pleading guilty, defendant gives up the following
15 rights:

16          a) The right to persist in a plea of not guilty.

17          b) The right to a speedy and public trial by jury.

18          c) The right to be presumed innocent and to have the
19 burden of proof placed on the government to prove defendant
20 guilty beyond a reasonable doubt.

21          d)  The right to confront and cross-examine witnesses
22 against defendant.

23          e)  The right, if defendant wished, to testify on
24 defendant's own behalf and present evidence in opposition to the
25 charges, including the right to call witnesses and to subpoena
26 those witnesses to testify.

27

28                                   4

1   By pleading guilty, defendant also gives up any and all

2   rights to pursue any affirmative defenses, Fourth Amendment or

3   Fifth Amendment claims, and other pretrial motions that have been

4   filed or could be filed.

5                          WAIVER OF DNA TESTING

6   8.   Defendant has been advised that the government has in

7   its possession physical evidence that could be subjected to DNA

8   testing, specifically, fish.  Defendant understands that the

9   government has previously submitted samples of said fish for DNA

10  testing as reflected in test results produced in discovery in the

11  above-captioned case, and does not intend to conduct any further

12  DNA testing of those items or any other items.  Defendant

13  understands that, before entering a guilty plea pursuant to this

14  agreement, defendant could request DNA testing of evidence in

15  this case.  Defendant further understands that, with respect to

16  the offense to which defendant is pleading guilty pursuant to

17  this agreement, defendant may have the right to request DNA

18  testing of evidence after conviction under the conditions

19  specified in 18 U.S.C. § 3600.  Knowing and understanding

20  defendant's potential right to request DNA testing, defendant

21  knowingly and voluntarily gives up that right with respect to

22  both the specific items listed above and any other items of

23  evidence there may be in this case that might be amenable to DNA

24  testing.  Defendant understands and acknowledges that by giving

25  up this right, defendant is giving up any ability to request DNA

26  testing of evidence in this case in the current proceeding, in

27

28                                    5

1  any proceeding after conviction under 18 U.S.C. § 3600, and in

2  any other proceeding of any type.  Defendant further understands

3  and acknowledges that by giving up this right, defendant will

4  never have another opportunity to have the evidence in this case,

5  whether or not listed above, submitted for DNA testing, or to

6  employ the results of DNA testing to support a claim that

7  defendant is innocent of the offense to which defendant is

8  pleading guilty.

9                          SENTENCING FACTORS

10      9.   Defendant understands that the Court is required to

11  consider the United States Sentencing Guidelines ("U.S.S.G." or

12  "Sentencing Guidelines") among other factors in determining

13  defendant's sentence.  Defendant understands that the Sentencing

14  Guidelines are only advisory, and that after considering the

15  Sentencing Guidelines, the Court may be free to exercise its

16  discretion to impose any reasonable sentence up to the maximum

17  set by statute for the crimes of conviction.

18      10.  There is no agreement as to defendant's criminal

19  history or criminal history category.

20      11.  Defendant and the United States agree and recommend

21  that under U.S.S.G. § 8D1.2, a term of probation of two years is

22  appropriate.  The United States and defendant agree to further

23  recommend to the Court a special condition of probation that

24  Dakon International take out the attached full page advertisement

25  in a seafood industry publication of wide circulation.

26      12.  The United States and defendant recognize that the

27

28                                  6

Sentencing Guidelines are not applicable to determine a fine amount in this case.  U.S.S.G. § 8C2.1, 2.10.  The United States and defendant agree to recommend to the Court a fine of $100,000, payable to the Magnuson-Stevens NOAA Fisheries Enforcement Fund, established under Title 16, United States Code, Section 1861(e).  Defendant agrees to pay the special assessment of $400.

13.  The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the recommended sentence is appropriate in this case.

<u>DEFENDANT'S OBLIGATIONS</u>

14.  Defendant agrees that it will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, and (ii) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

1  not within the scope of this agreement.

2          e) Not knowingly and willfully fail to be truthful at

3  all times with Pretrial Services, the U.S. Probation Office, and

4  the Court.

5          f) Pay the applicable special assessment at or before

6  the time of sentencing unless defendant lacks the ability to pay.

7      15.   Defendant further agrees to cooperate fully with the

8  United States, the National Oceanic and Atmospheric

9  Administration, and, as directed by the United States, any other

10  federal, state, or local or foreign law enforcement agency.

11                  THE UNITED STATES' OBLIGATIONS

12      16.   If defendant complies fully with all defendant's

13  obligations under this agreement, the United States agrees:

14          a) To abide by all sentencing stipulations contained in

15  this agreement.

16          b) At the time of sentencing to move to dismiss

17  defendant from Count One of the underlying Indictment.  Defendant

18  agrees, however, that at the time of sentencing the Court may

19  consider the dismissed count in determining sentence to be

20  imposed after consideration of the sentencing guidelines and all

21  other relevant factors.

22          c)   Not to offer as evidence in its case-in-chief in

23  the above-captioned case or any other prosecution that may be

24  brought against defendant by the United States, or in connection

25  with any sentencing proceeding in any case that may be brought

26  against defendant by the United States, any statements made by

27

28                                  8

defendant or documents, records, or tangible evidence provided by defendant pursuant to this agreement. Defendant agrees, however, that the United States may use such statements, documents, records, and tangible evidence: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any prosecution of defendant, (2) to cross-examine defendant should defendant testify, or to rebut any evidence, argument or representations made by defendant or a witness called by defendant in any trial, sentencing hearing, or other court proceeding, and (3) in any prosecution of defendant for false statement, obstruction of justice, or perjury.

d)   Not to use any information provided by defendant pursuant to this agreement against defendant at sentencing and to recommend to the Court that such information not be used in determining the sentence to be imposed. Defendant understands, however, that information provided by defendant pursuant to this agreement will be disclosed to the probation office and the Court, and that the Court may use this information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

BREACH OF AGREEMENT

17.   If defendant, at any time between the execution of this agreement and the completion of defendant's cooperation pursuant to the agreement knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. For example,

9

1   if the defendant knowingly falsely accuses another person of

2   criminal conduct or falsely minimizes its own role, or the role

3   of another, in criminal conduct, it will have breached this

4   agreement.   If the United States declares this agreement

5   breached, and the Court finds such a breach to have occurred,

6   defendant will not be able to withdraw defendant's guilty plea,

7   and the United States will be relieved of all of its obligations

8   under this agreement.   In particular:

9        a)   The United States will no longer be bound by any

10   agreements concerning sentencing and will be free to seek any

11   sentence up to the statutory maximum for the crime to which

12   defendant has pleaded guilty.

13        b)   The United States will no longer be bound by any

14   agreements regarding criminal prosecution, and will be free to

15   prosecute defendant for any crime, including charges that the

16   United States would otherwise have been obligated to dismiss

17   pursuant to this agreement.

18        c)   The United States will be free to prosecute

19   defendant for false statement, obstruction of justice, and

20   perjury based on any knowingly false or misleading statement by

21   defendant.

22        d)   The United States will no longer be bound by any

23   agreement regarding the use of statements, documents, records,

24   tangible evidence, or information provided by defendant, and will

25   be free to use any of those in any way in any investigation,

26   prosecution, or civil or administrative action.   Defendant will

27

28                              10

1   not be able to assert either (1) that those statements,

2   documents, records, tangible evidence, or information were

3   obtained in violation of the Fifth Amendment privilege against

4   compelled self-incrimination, or (2) any claim under the United

5   States Constitution, any statute, Rule 11(f) of the Federal Rules

6   of Criminal Procedure, Rule 410 of the Federal Rules of Evidence,

7   or any other federal rule, that statements, documents, records,

8   tangible evidence, or information provided by defendant before or

9   after the signing of this agreement, or any leads derived

10  therefrom, should be inadmissible.

11      18.  Following a knowing and willful breach of this

12  agreement by defendant, should the United States elect to pursue

13  any charge that was dismissed or not filed as a result of this

14  agreement, then:

15      a) Defendant agrees that any applicable statute of

16  limitations is tolled between the date of defendant's signing of

17  this agreement and the commencement of any such prosecution or

18  action.

19      b) Defendant gives up all defenses based on the statute

20  of limitations, any claim of pre-indictment delay, or any speedy

21  trial claim with respect to any such prosecution [or action],

22  except to the extent that such defenses existed as of the date of

23  defendant's signing of this agreement.

24      LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

25      19.  Defendant gives up the right to appeal any sentence

26  imposed by the Court, and the manner in which the sentence is

27

28                              11

1 | determined, provided that the sentence is within the statutory
2 | maximum specified above and is constitutional.  Defendant also
3 | gives up any right to bring a post-conviction collateral attack
4 | on the conviction or sentence, except a post-conviction
5 | collateral attack based on a claim of ineffective assistance of
6 | counsel, a claim of newly discovered evidence, or a explicitly
7 | retroactive change in the applicable Sentencing Guidelines,
8 | sentencing statutes, or statutes of conviction.  Notwithstanding
9 | the foregoing, defendant retains the ability to appeal the
10 | court's determination of defendant's criminal history category.

11 | 　　20.　The United States gives up its right to appeal the
12 | Court's sentence.

13 | COURT NOT A PARTY

14 | 　　21.　The Court is not a party to this agreement and need not
15 | accept any of the United States' sentencing recommendations or
16 | the parties' stipulations.  Even if the Court ignores any
17 | sentencing recommendation, finds facts or reaches conclusions
18 | different from any stipulation, and/or imposes any sentence up to
19 | the maximum established by statute, defendant cannot, for that
20 | reason, withdraw defendant's guilty plea, and defendant will
21 | remain bound to fulfill all defendant's obligations under this
22 | agreement.  No one – not the prosecutor, defendant's attorney, or
23 | the Court – can make a binding prediction or promise regarding
24 | the sentence defendant will receive, except that it will be
25 | within the statutory maximum.

26 |
27 |
28 |                                12

## NO ADDITIONAL AGREEMENTS

22. Except as set forth herein, there are no promises, understandings or agreements between the United States and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant's duly authorized representative and an Assistant United States Attorney or Environmental Crimes Section Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____        6/26/08
JOSEPH O. JOHNS                           Date
Assistant United States Attorney


RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____ /for/ EC        6/26/08
ELINOR COLBOURN                                    Date
Senior Trial Attorney
(Pursuant to authorization)

13

The undersigned corporate officer or representative of defendant hereby certifies that he (she) is authorized by the defendant corporation to act on its behalf, to plead guilty to Count Two of the Third Superseding Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation.  As defendant's duly authorized representative, I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  This agreement also has been read to me in _____, the language I understand best.

I have discussed the case and defendant's constitutional and other rights with defendant's attorney.  Defendant understands that by entering a plea of guilty, defendant will be giving up its rights to plead not guilty, to trial to the court, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in its defense, and to remain silent -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

On behalf of defendant, I agree to enter its guilty plea as indicated above on the terms and conditions set forth in this agreement.

Defendant's guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement.  Defendant agrees to the provisions of this agreement as a voluntary act on its part, rather than at the direction of

14

1  I, _____, am fluent in written and spoken

2  English and _____ languages.  I accurately translated

3  this entire agreement from English into _____ to

4  _____ on this date.

5

6  _____          _____

7  [INTERPRETER'S NAME]                      Date
   Interpreter

8

9

10  I am DAKON INTERNATIONAL's attorney.  I have carefully

11  discussed every part of this agreement with my client.  Further,

12  I have fully advised my client of its rights, of possible

13  defenses, of the Sentencing Guidelines' provisions, and of the

14  consequences of entering into this agreement.  To my knowledge,

15  my client's decision to enter into this agreement is an informed

    and voluntary one.

16

17

18  _____          _6_/19/08_____
    BARBARA NGUYEN                             Date
    Counsel for Defendant
19  DAKON INTERNATIONAL

20

21

22

23

24

25

26

27

28                                    16