1  Lightfoot Vandevelde Sadowsky
2  Crouchley Rutherford & Levine LLP
   Jeffrey H. Rutherford (State Bar No. 181695)
3  800 Wilshire Boulevard, Suite 500
4  Los Angeles, California  90017
   Telephone:  (213) 622-4750
5  Fax:  (213) 622-2690
6  jrutherford@lvscrl.com

7  L. Barrett Boss (*pro hac vice*)
8  Cozen O'Connor
   The Army and Navy Building
9  1627 I Street, N.W., Suite 1100
10 Washington, D.C.  20006
   Telephone: (202) 912-4818
11 Fax: (866) 413-0172
12 bboss@cozen.com

13 Attorneys for Defendants
14 Virginia Star Seafood Corporation,
   International Sea Products Corporation, Peter Xuong Lam
15

16            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 07-449-PSG |
|  | ) |
|   Plaintiff, | ) **NOTICE OF MOTION AND** |
|  | ) **MOTION TO DISCLOSE FOR *IN*** |
| vs. | ) ***CAMERA* INSPECTION THE** |
|  | ) **PROBATION FILES AND** |
| VIRGINIA STAR SEAFOOD | ) **PRESENTENCE REPORTS OF CO-** |
| CORPORATION, et al., | ) **DEFENDANTS HENRY C. D. YIP,** |
|  | ) **DAVID S. WONG, AND TAI WAI** |
|   Defendants. | ) **DAVID CHU** |
|  | ) |
|  | ) Date: September 29, 2008 |
|  | ) Time: 10:00 a.m. |
|  | ) Place: Courtroom 790 |

LIGHTFOOT
VANDEVELDE
SADOWSKY
CROUCHLEY
RUTHERFORD
& LEVINE LLP

NOTICE OF MOTION AND MOTION TO DISCLOSE FOR IN CAMERA
INSPECTION THE PROBATION FILES AND PRESENTENCE REPORTS OF CO-
DEFENDANTS HENRY C.D. YIP, DAVID S. WONG, AND TAI WAI DAVID CHU

TO: THE UNITED STATES ATTORNEY THOMAS P. O'BRIEN,
ASSISTANT UNITED STATES ATTORNEY JOSEPH O. JOHNS AND
DEPARTMENT OF JUSTICE TRIAL ATTORNEY ELINOR
COLBOURN:

PLEASE TAKE NOTICE that, on September 29, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Philip S. Gutierrez, United States District Court Judge, defendant Peter Xuong Lam, by and through his counsel of record, will move this Court for an Order disclosing to the Court for *in camera* inspection the probation files, including the Presentence Reports, of co-defendants Henry C. D. Yip, David S. Wong, and Tai Wai David Chu.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the record in this case, and any further evidence that may be presented or adduced prior to or at the hearing on this motion.

DATED: Sept. 8, 2008     Respectfully submitted,

LIGHTFOOT VANDEVELDE SADOWSKY
CROUCHLEY RUTHERFORD & LEVINE LLP

_____/s/_____
By: Jeffrey H. Rutherford

COZEN O'CONNOR

_____/s/_____
By: L. Barrett Boss, *pro hac vice*
Attorneys for Defendants
Virginia Star Seafood Corporation
International Sea Products Corporation
Peter Xuong Lam

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

On May 24, 2007, the government indicted Virginia Star Seafood Corporation ("Virginia Star"), International Sea Products Corporation ("ISP"), and Peter Xuong Lam – along with other entities and individuals – on charges of conspiracy, false labeling, false entry declaration, importation contrary to law, trafficking in illegally imported merchandise, aiding and abetting, and criminal forfeiture of illegally imported and falsely labeled fish. These charges are based on the alleged importation of a particular type of catfish from Vietnam, known as *basa*. In essence, the government alleges that Virginia Star, ISP, Mr. Lam and other entities and individuals evaded certain customs duties by mislabeling the catfish.

Trial in this matter is set for October 14, 2008.

Among the individuals charged in this case – but not going to trial – are co-defendants Henry C. D. Yip, David S. Wong, and David Wai Tai Chu. Each of these individuals has entered a guilty plea, pursuant to plea agreements with the government. As part of their plea agreements, the defense understands that each individual has agreed to assist the government.[1]

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Mr. Lam seeks *in camera* review by the Court and disclosure to him of the probation files, including the Presentence Reports ("PSRs"), of Mr. Yip, Mr. Wong, and Mr. Chu, because they will testify for the government in the case against Mr. Lam and their probation files and PSRs may contain information that may be used to impeach them. Their credibility will be at issue in this trial because they are important government witnesses and cooperating co-defendants and alleged co-conspirators.

---

[1]  Since Mr. Yip's plea agreement is filed under seal, the defense assumes that he is cooperating.

## II. Argument.

*Brady* requires the disclosure of exculpatory evidence. Based upon *Brady*, defendants in criminal matters are entitled to have the Court inspect *in camera* the probation files, including the PSRs, of cooperating witnesses. *United States v. Alvarez*, 358 F.3d 1194, 1207 (9th Cir.), *cert. denied*, 543 U.S. 887 (2004); *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988). "While a criminal defendant has no constitutional right to examine presentence reports, he is nevertheless entitled to disclosure of *Brady* material contained therein." *Alvarez*, 358 F.3d at 1207 (citation omitted). "Thus, a defendant is entitled to material in a probation file that bears on the credibility of a significant witness in the case." *Id.* (citation and internal quotations omitted).

With respect to a PSR, a court has discretion to review the PSR *in camera* or rely on an examination by the probation officer. *Id.* at 1207-08 (citing *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987)). With respect to the probation file, the appropriate procedure is to submit the probation file to the court for *in camera* inspection. *Id.* at 1208 (citing *Strifle*r, 851 F.2d at 1201). The court must then disclose to the defense "what it finds relevant, material and probative" as to the witnesses' credibility, so long as it is non-cumulative. *Id.* at 1208 (citations omitted).

Here, there is no question that the government's case against Mr. Lam hinges, in large part, on the testimony of the cooperating co-defendants. Therefore, any relevant, material, and/or probative information – either with exculpatory or impeachment value – is critically important to Mr. Lam's ability to challenge Mr. Yip, Mr. Wong, and Mr. Chu at trial. For this reason, the Court should order their probation files, including their PSRs, examine them *in camera*, and disclose to the defense those portions of the probation file and/or PSRs that are relevant, material, and/or probative to the credibility of Mr. Yip, Mr. Wong, and/or Mr. Chu.

In addition, Mr. Lam's request is timely and is made on a noticed motion five weeks before trial.

## III. Conclusion.

Based upon the foregoing, counsel respectfully requests that the Court order the United States Probation Office to deliver to the Court the probation files, including the PSRs, of co-defendants Mr. Yip, Mr. Wong, and Mr. Chu, examine them *in camera*, and disclose to the defense those portions of the probation file and/or PSRs that are relevant, material, and/or probative to the credibility of Mr. Yip, Mr. Wong, and/or Mr. Chu.

DATED: Sept. 8, 2008       Respectfully submitted,

LIGHTFOOT VANDEVELDE SADOWSKY
CROUCHLEY RUTHERFORD & LEVINE LLP

_____/s/_____
By: Jeffrey H. Rutherford


COZEN O'CONNOR

_____/s/_____
By: L. Barrett Boss, *pro hac vice*
Attorneys for Defendants
Virginia Star Seafood Corporation
International Sea Products Corporation
Peter Xuong Lam

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, at Lightfoot Vandevelde Sadowsky Crouchley Rutherford & Levine LLP at 800 Wilshire Boulevard, Suite 500, Los Angeles, California 90017.  I am over the age of 18 and not a party to the within action.

On September 8, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISCLOSE FOR *IN CAMERA* INSPECTION THE PROBATION FILES AND PRESENTENCE REPORTS OF CO-DEFENDANTS HENRY C. D. YIP, DAVID S. WONG, AND TAI WAI DAVID CHU** on the parties in this action by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following:

Judith Wheat
Adam Zaffos
Thomas A. Durkin
Nina Marino
Barbara B. Nguyen
Roger William Patton
Joseph O. Johns
Elinor Colbourn

In addition to the above, the following are not on the District Court ECF System and were served via electronic mail:

Elinor Colbourn

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 8, 2008, at Los Angeles, California.

_____/s/_____
D. Garlow