THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (No. 144524)
Assistant United States Attorney
Chief, Environmental Crimes Section
    1300 U.S. Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4536
    Email: joseph.johns@usdoj.gov
RONALD J. TENPAS
Assistant Attorney General
ELINOR COLBOURN
Senior Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Crimes Section
    601 D. St., NW
    Washington, DC 20004
    Telephone: (202) 305-0321
    Facsimile: (202) 305-0397

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-00449 (PSG) |
| Plaintiff, | ) GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY ORDER OF FORFEITURE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| PETER X. LAM | |
| Defendant. | ) [PROPOSED] ORDER CONCURRENTLY FILED |
| | ) Date:  February 23, 2009 |
| | ) Time:  3:00 p.m. |
| | ) Place: Courtroom 790 |
| | )        Hon. Philip S. Gutierrez |

Plaintiff United States of America, by and through its attorneys, hereby gives notice to defendant Peter X. Lam and his attorneys of record, that on February 23, 2009, at 3:00 p.m., or

as soon thereafter as counsel may be heard in the courtroom of the Honorable Philip S. Gutierrez, United States District Judge, the government, by and through its attorneys of record, will move this court for a Preliminary Order of Forfeiture in the above-captioned case.

This Motion is based upon this Notice, the accompanying memorandum of points and authorities, all files and records in this case, and any such arguments and evidence that may be presented to the Court at the hearing on this motion.

DATED: December 1, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

      /S/
JOSEPH O. JOHNS
Assistant U.S. Attorney
Chief, Environmental Crimes Section

      /S/
ELINOR COLBOURN
Senior Trial Attorney
United States Department of Justice
Environmental & Natural Resources Div.
Environmental Crimes Section

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

INTRODUCTION

Defendant Peter X. Lam has been convicted of the offenses alleged in Counts One, Two, Three and Four of the Redacted Indictment in this case.  In the Indictment and the Redacted Indictment, the United States gave notice to the defendant that, in the event of his conviction, he would be required to forfeit to the United States all property involved in the alleged offenses.

On October 29, 2008, defendant was convicted of offenses giving rise to the forfeiture of such property.  Therefore, the government now seeks a preliminary order of forfeiture for that property and the value thereof.

II.

STATEMENT OF FACTS

On October 29, 2008, defendant Lam was convicted of conspiring to violate 18 U.S.C. § 545, and of committing three substantive violations of 18 U.S.C. § 545.  Section 545 provides that "merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person [who violated Section 545] . . . shall be forfeited to the United States."

Said merchandise includes in the first instance all the 267,570 pounds of frozen fish fillets imported by the conspirators and subsequently received by Dean's Services in Oakland, California on August 24, 2005, that are currently in government custody.  See Government's Exhibit 397, Attachment A

1

hereto.  Defendant stated in open court for the record after conviction on October 29, 2008, that he was not opposed to the forfeiture of all of these frozen fish fillets.[1]

Said merchandise further includes a value of $12,578,676 worth of frozen fish fillets that were introduced into the United States by Peter X. Lam and co-conspirator but not seized because they were dissipated through sale and consumption over the course of the conspiracy.  See Government Exhibit 427, Attachment B hereto (Customs records of all imports through the conspiracy); 18 U.S.C. § 545; 21 U.S.C. §§ 853(p)(1)(B) and (p)(2); 28 U.S.C. § 2461(c).  This value is calculated by taking the total value of the illegal merchandise introduced into the United States pursuant to the conspiracy from the time when defendant Lam joined it, conservatively on October 1, 2004, or $13,049,599, and subtracting $470,923, the value of seized merchandise that will be directly forfeited.  The value of the seized fish was calculated by multiplying the total number of pounds seized - 267,570, per Government's Exhibit 397 - by, for the greatest benefit to the defendant, the highest price per pound paid by the U.S. conspirators to the Vietnamese suppliers - $1.76, per the commercial invoices introduced into evidence at trial.

Defendant Lam, through counsel of record, stipulated in open court on October 29, 2008, that he personally sold $3,041,398.97 worth of this merchandise.  The sales put the fish into domestic

---

[1] Defendant Arthur Yavelberg also stipulated in open court to the forfeiture of this fish.  However, the government has not filed a motion for forfeiture against defendant Yavelberg due to the lack of a conviction based on 18 U.S.C. § 545 but Yavelberg in any event has no property interest in the seized fish.

commerce and ultimately into consumer stomachs and effectively out of reach of the government.

## III.

## ARGUMENT

The United States seeks the entry of a Preliminary Order of Forfeiture directing the forfeiture of the property identified in Government's Exhibit 397, Attachment A hereto, as well as entering a personal money judgment against defendant Lam in the amount of $ 12,12,578,676 for the value of the merchandise introduced into the United States by the conspiracy in violation of 18 U.S.C. § 545.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay.  The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.  Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall

1  promptly enter a preliminary order of forfeiture setting forth
2  the amount of any money judgment or directing the forfeiture of
3  specific property without regard to any third party's interest in
4  all or part of it.  Determining whether a third party has such an
5  interest shall be deferred until any third party files a claim in
6  an ancillary proceeding under Rule 32.2(c).
7      Rule 32.2(b)(3) further provides that the entry of a
8  preliminary order of forfeiture authorizes the Attorney General
9  (or a designee) to seize the specific property subject to
10 forfeiture; to conduct any discovery the court considers proper
11 in identifying, locating, or disposing of the property; and to
12 commence proceedings that comply with any statutes governing
13 third-party rights. At sentencing - or at any time before
14 sentencing if the defendant consents - the order of forfeiture
15 becomes final as to the defendant and shall be made part of the
16 sentence and included in the judgment.  The court may include in
17 the order of forfeiture conditions reasonably necessary to
18 preserve the property's value pending any appeal.
19      Based on the evidence presented at trial and defendants'
20 consent to forfeiture regarding the importation and introduction
21 of the frozen fillets into the United States in violation of law,
22 the United States has established the requisite nexus between the
23 subject property and the offenses of which the defendants were
24 found guilty.  Any and all right, title, and interest that the
25 defendants hold in the aforesaid property is forfeitable to the
26 United States under 18 U.S.C. § 545.
27      The entry of a Preliminary Order of Forfeiture in the form
28 of a personal money judgment is specifically authorized by Rule

32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g.*, *United States v. Misla-Aldarondo*, 478 F.3d 52, 73-74 (1st Cir. 2007) ("If the Government has proven that there was at one point an amount of cash that was directly traceable to the offense, and that thus would be forfeitable under 18 U.S.C. § 982(a), that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds – indeed, whether or not he has any funds at all."); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (holding that a forfeiture order is not limited to the property in the defendant's possession at the time of sentencing, because "a contrary position would permit defendants who unlawfully obtain proceeds to dissipate those proceeds and avoid liability for their ill-gotten gains"); *Id.* (rejecting the argument that a forfeiture order must order the forfeiture of specific property, because as an *in personam* order it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (holding that "the Government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction" because it is entitled to a money judgment whether the defendant has the forfeited proceeds, or any other assets, in his possession at all); *United States v. Casey*, 444 F.3d 1071, 1074-76 (9th Cir. 2006) (same).

    Once the Preliminary Order of Forfeiture is entered, the

government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendants, having a value up to the amount of the money judgment, as substitute assets. *See Hall*, 134 F.3d at 58 n.7 ("Substitute property may be seized by the government to satisfy a forfeiture order where, by an act or omission, the defendant has prevented the government from tracing his illegally obtained assets." (citing *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999))); *United States v. Bermudez*, 413 F.3d 304, 306-07 (2d Cir. 2005) (affirming the forfeiture of substitute assets in partial satisfaction of a $14.2 million money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (holding that a defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy a money judgment); *Candelaria-Silva*, 166 F.3d at 42 (holding that once the government has obtained a money judgment, it may forfeit defendant's real property in satisfaction of that judgment).

WHEREFORE, by virtue of the guilty verdicts and the evidence supporting the value of the merchandise introduced into the United States pursuant to the offenses of which the defendant has been convicted, a money judgment should be entered against the defendant.

Accordingly, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture as proposed in the attached order.

DATED: December 1, 2008

                                Respectfully submitted,

                                THOMAS P. O'BRIEN
                                United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division

                                        /S/
                                JOSEPH O. JOHNS
                                Assistant U.S. Attorney
                                Chief, Environmental Crimes Section

                                        /S/
                                ELINOR COLBOURN
                                Senior Trial Attorney
                                United States Department of Justice
                                Environment & Natural Resources Division
                                Environmental Crimes Section

                                Attorneys for Plaintiff
                                United States of America